**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq. (CA Bar No. 330990)
1925 Century Park E #1700
Los Angeles, CA 90067
Telephone: 305-975-3320
scott@edelsberglaw.com

*Counsel for Plaintiff and Proposed Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEX MANDERY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>OKDAK INC d/b/a CORONA NISSAN,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227, ET SEQ. (TCPA)**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

1. Plaintiff, Alex Mandery ("Plaintiff"), brings this action against Defendant, Okdak Inc d/b/a Corona Nissan ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## NATURE OF THE ACTION

2. This is a putative class action under 47 U.S.C. § 227 et seq., the Telephone Consumer Protection Act ("TCPA").

3. Defendant is an automotive dealership engaged in the retail sale and leasing of new, Certified Pre-Owned, and used vehicles, automotive financing, maintenance and collision repair, and Nissan parts and accessories.

4. To promote its goods and services, Defendant engages in aggressive telemarketing campaigns to consumers with no regard for consumers' rights under the TCPA.

5. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of Plaintiff and members of the class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

6. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court

jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

7. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff resides within this District, Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within the Central District of California and, on information and belief, Defendant has sent the same text messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the Central District of California.

## PARTIES

8. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Riverside County, California.

9. Plaintiff is, and at all times relevant hereto was, an individual and the sole subscriber of the residential telephone number ending in 3107 (the "3107 Number") that received Defendant's communications.

10. Defendant is corporation whose principal place of business is at 2575 Wardlow Rd, Corona, California 92882.

11. Defendant directs, markets, and provides its business activities throughout the State of California.

12. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

13. Beginning at least on November 18, 2023, Defendant sent or caused to be sent multiple telemarketing text messages to Plaintiff's 3107 Number, from Defendant's 714-461-2509 number. Defendant sent text messages to Plaintiff on the following dates: November 18, 2023; November 19, 2023; November 24, 2023; November 27, 2023; and more as shown below:









14. Defendant's text messages were transmitted to Plaintiff's residential cellular telephone, and within the time frame relevant to this action.

15. Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., promoting Defendant's new, Certified Pre-Owned, and used vehicles, automotive financing, service, and parts.

16. Defendant sent the subject texts within this judicial district and, therefore, Defendant's violations of the TCPA occurred within this district. Upon information

and belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

17. Defendant's texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

18. At no point in time did Plaintiff provide Defendant with Plaintiff's express written consent to be contacted.

19. Specifically, Plaintiff never completed any type of form that clearly and conspicuously authorized Defendant to contact Plaintiff's residential cellular telephone with marketing text messages.

20. Plaintiff has no existing business relationship with Defendant.

21. Plaintiff is the subscriber and sole user of the 3107 Number and is financially responsible for it.

22. Plaintiff's 3107 Number is Plaintiff's residential number which Plaintiff uses for personal purposes.

23. Plaintiff registered the 3107 Number with the National Do-Not-Call Registry on April 18, 2004, and has been registered at all times relevant to this action.

24. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

25. The text messages originated from telephone number 714-461-2509, a number which upon information and belief is owned and operated by Defendant or on behalf of Defendant.

26. Upon information and belief, Defendant has access to outbound transmission reports for all text messages sent advertising/promoting its services and

goods. These reports show the dates, times, target telephone numbers, and content of each message sent to Plaintiff and the Class members.

27. Defendant's unwanted telemarketing text messages caused Plaintiff actual harm, including invasion of Plaintiff's privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to Plaintiff's daily life.

28. Defendant's unwanted telemarketing text messages caused Plaintiff actual harm. Specifically, Plaintiff estimates that Plaintiff has wasted fifteen to thirty seconds reviewing each of Defendant's unwanted messages. Each time, Plaintiff had to stop what Plaintiff was doing to either retrieve Plaintiff's phone and/or look down at the phone to review the message.

29. Next, Plaintiff wasted approximately fifteen minutes locating and retaining counsel for this case in order to stop Defendant's unwanted communications. In all, Defendant's violations of the TCPA caused Plaintiff to waste at least fifteen minutes of Plaintiff's time in addressing and attempting to stop Defendant's solicitations.

## CLASS ALLEGATIONS

### PROPOSED CLASS

30. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of Plaintiff and all others similarly situated.

31. Plaintiff brings this case on behalf of the following "Class" defined as follows:

> **Do Not Call Registry Class: All persons in the United States who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; and (4) for the purpose of promoting Defendant's products and services.**

32. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

**NUMEROSITY**

33. Upon information and belief, Defendant has sent telemarketing text messages to telephone numbers belonging to thousands of consumers listed throughout the United States without their prior express written consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

34. The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's text messages records.

**COMMON QUESTIONS OF LAW AND FACT**

35. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

a) Whether Defendant initiated telemarketing text messages to Plaintiff and the Class members;

b) Whether Defendant violated 47 C.F.R. § 64.1200(c);

c) Whether Defendant's conduct was knowing and willful; and

d) Whether Defendant is liable for damages, and the amount of such damages.

36. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits telemarketing text messages to consumers whose telephone numbers are listed on the National Do Not

Call Registry is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

37. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

38. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**SUPERIORITY**

39. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

40. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**

**Violation of the TCPA, 47 U.S.C. § 227**

**(On Behalf of Plaintiff and the Do Not Call Registry Class)**

41. Plaintiff repeats and re-alleges paragraphs 1 through 40 of this Complaint and incorporates them by reference herein.

42. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered [their] telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

43. 47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

44. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

45. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

46. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

47. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made

by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

48. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of statutory damages for Plaintiff and each member of the Class;

c) An order declaring that Defendant's actions, set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all telephonic sales calls made without express written consent, and to otherwise protect the interests of the Class;

e) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demands a trial by jury.

**<u>DOCUMENT PRESERVATION DEMAND</u>**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with the communications or transmittal of the text messages as alleged herein.

Dated: November 19, 2026

Respectfully submitted,

By: <u>/s/ *Scott Edelsberg*</u>

**EDELSBERG LAW, P.A.**
Scott Edelsberg, Esq. (CA Bar No. 330990)
1925 Century Park E #1700
Los Angeles, CA 90067
Telephone: 305-975-3320
scott@edelsberglaw.com

*Counsel for Plaintiff and Proposed Class*